(28 App. Div. 346.)

SOOYSMITH & CO. v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    April 22, 1898.)

ATTACHMENT—DISCHARGE BY BOND—INTEREST.

In an undertaking to discharge an attachment, which, following the phraseology of Code Civ. Proc. § 688, undertakes that the defendant "will, on demand, pay the amount of any judgment, * * * not exceeding" a specified sum, "with interest," the interest runs from the date of the recovery of the judgment, and not from the date of the undertaking.

Van Brunt, P. J., dissenting.

Submission of controversy between Sooysmith & Co. and the American Surety Company of New York.    Judgment ordered for plaintiff.

This is a submission of a controversy under section 1279 of the Code of Civil Procedure.    The admitted facts are as follows:

On the 28th day of February, 1889, the present plaintiff corporation obtained and issued an attachment against the property of one Clarence H. Venner, in an action to recover the sum of $5,000, with interest, for the breach of an express contract to pay the plaintiff that sum for services performed by it for Venner. Under this attachment the sheriff levied upon certain of Venner's property. Afterwards, and on the 2d day of March, 1889, the defendant executed a written undertaking in the words and figures following, to wit:

"Supreme Court, County of New York.

"Sooysmith & Company, Plff., vs. Clarence H. Venner, Deft.

"Undertaking on Discharging Attachment.

"Whereas, on or about the 28th day of February, 1889, an attachment was issued in the above-entitled action to the sheriff of the city and county of New York, and the said defendant, Clarence H. Venner, having appeared in said action, and being about to apply to the court for an order to discharge the same: Now, therefore, the American Surety Company of New York, having an office and principal place of business at 160 Broadway, in the city of New York, does hereby, pursuant to the statute made and provided, undertake that the defendant will, on demand, pay to the plaintiff the amount of any judgment which may be recovered in the action against the defendant, not exceeding the sum of five thousand dollars ($5,000), with interest.

"Dated New York, March 2, 1889.

"The American Surety Company of New York,

"[Seal.]                          By Henry D. Lyman, Vice President.

"Fred F. Nugent, Secretary."

Upon this undertaking, Venner, upon the 4th day of March, 1889, obtained an order, upon the plaintiff's consent, discharging the attachment as to the whole of the property attached.    Thereafter, and on the 21st day of November, 1894, the plaintiff recovered a judgment in that action against Venner for the sum of $8,041.83 damages and costs.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

F. B. Jennings, for plaintiff.

Melville Egleston, for defendant.

BARRETT, J.    The question in dispute here is whether interest on the sum of $5,000 is to run from the date of the defendant's undertaking, or from the date of the recovery of the judgment.    That is the precise question submitted to us.    We see no basis, either in the instrument itself or in Code, § 688, for the contention that it runs from

314 NEW YORK SUPPLEMENT (Sup. Ct.

the date of the undertaking. The undertaking is not an agreement to pay a specified sum of money absolutely, upon demand, with interest. It refers to a future and contingent event. The company agrees to pay the specified sum only upon the happening of that event. How, then, can interest run against the specified sum until the event occurs which makes the specified sum payable? It seems clear that it cannot so run,—unless, at least, the language of the instrument on that head is so clear and explicit as to admit of no other meaning, and unless the phraseology of the statute is so clear and explicit as to admit of no other construction. For it will be observed that there is nothing special or peculiar about the undertaking in question. In fact, it literally follows the exact phraseology of the statute. The plaintiff takes this same view of both the undertaking and the statute, but it insists that the language of each is sufficiently clear and explicit to justify its present claim. Thus, it construes the instrument to mean that the company, upon the happening of the particular event, agrees to pay, not only the specified sum, but also interest thereon for the period anterior thereto, devoted to ascertaining whether the specified sum shall be payable at all. We repeat that the language should be clear and explicit to warrant such an extreme and peculiar construction. There is certainly no such literal language, either in the section itself, or in this present corresponding instrument. What, then, is meant by the words "with interest," as used in the section and (following the section) in the undertaking? With interest on what? And from when? Logically, it must be either upon the plaintiff's claim, as it runs, or upon the judgment. It cannot consistently be upon the undertaking until the liability thereunder has matured. In other words, the security is either for the interest upon the judgment, or for the running interest upon the plaintiff's claim. That it is not the latter, the plaintiff impliedly concedes. It makes no such claim, and rests solely upon the contention that the undertaking is for $5,000, with interest from its date. This contention, if correct, makes the undertaking a most incongruous instrument. It is conceivable that a plaintiff should have full security for his claim and interest. It is also conceivable that he should have security for his judgment and interest. Any instrument clearly providing for either one of these things would, whether within the statute or not, be at least consistent and sensible. But an undertaking by which a surety agrees to pay a possible judgment against his principal upon an unliquidated claim, not exceeding a specified sum, with interest on that specified sum from the date of the undertaking, has no necessary relation to any precise or definite indemnity with regard to the interest running against the principal. The only way any effect can be given to such a provision is to say that it measures the principal sum of the surety's liability. But, if so, it measures it without regard to the corresponding obligation of the principal. This surely could never have been the intention of the law nor of the parties here, who, in literal terms, followed the law.

The purpose of the lawmakers is quite clear. Under the former Code of Procedure (sections 240, 241), an attachment could be discharged upon the defendant's giving an undertaking either in double the amount of the plaintiff's claim, or, where the property attached

was less in amount, in double its value.    In this particular, a different system was inaugurated under the Code of Civil Procedure.    But the intention of both systems was simply to secure to the plaintiff the value of the property attached.    The legislature always regarded proceedings against nonresidents by attachment as quasi in rem.    It has not treated such proceedings as in personam, in the ordinary sense; that is, in the sense of an action commenced by the service of a summons upon the defendant within the state.    Occasionally, it is true, an attachment is followed by a general appearance, or by personal service of the summons within the state.    But the provisions of the Code with regard to attachments are, in the main, aimed at the jurisdiction acquired by the seizure of property under the writ.    The judgment which follows publication thereafter is in form a judgment against the defendant in personam for the amount of the plaintiff's claim.    It is, however, in substance, a judgment authorizing the application of the property attached, or its proceeds, to the payment of the judgment. The nature of the undertaking required to be given to discharge an attachment thus becomes apparent.    The defendant is certainly not required directly to secure the plaintiff's claim, with interest and costs, as though the court had jurisdiction over his person.    He is simply required, if he wants an immediate restoration of his attached property, to substitute an undertaking therefor; that is, to guaranty to the plaintiff the application, to any judgment he may subsequently recover, of the actual value of the property thus restored.    The attachment is not thus vacated.    It is simply discharged as to the property attached. Code, § 687.    To accomplish this purpose, and this only, the machinery which follows in section 688 is provided.    The defendant applying for the discharge is required to give an undertaking commensurate, not with the plaintiff's claim, including interest and costs, but with the property attached, or with that part of it which he desires to have freed from the writ.    Whether he desires to have all the attached property, or but a part of it, freed from the writ, he can effect his purpose in but one way as to form, while he has two alternative options as to substance.    In form, he must always give an undertaking to pay on demand the amount of any judgment which may be recovered in the action against him, not exceeding a sum specified in the undertaking, with interest.    Then follow the alternative options, relating to the substantial obligation, and varying with the value of the property sought to be released.    The "sum specified" must be at least equal to the amount of the plaintiffs' claim as specified in his affidavit, or, at the defendant's option, equal to the appraised value of the property attached, according to the inventory.    Now, if the prior words, "with interest," have reference to interest upon the sum specified as at least equal to the amount of the plaintiff's demand, as specified in his affidavit, it must also have reference to interest upon the sum specified as equal to the appraised value of the property attached. If it has no relation to interest in the latter case, it can have none in the former.    Were this otherwise, why should not provision have been made, in the same connection, for the costs of the action?    If the intention was to specify a sum which would fully and directly guaranty

to the plaintiff, not merely the value of the property attached, but his entire claim, then the sum specified in the undertaking should have been simply equal to the amount of that entire claim, namely, principal, interest, and costs. It will be observed that the form of the undertaking is the same in each of the contingencies contemplated by the section. Even when the defendant desires to free but a part of the attached property, the undertaking must still be in form to pay on demand the amount of any judgment which may be recovered in the action against him, not exceeding a sum specified in the undertaking, with interest. But that specified sum is then the precise value of the part of the property released,—neither more nor less.

Upon this construction the plaintiff is never, in any contingency, deprived of interest, for the simple reason that he is never entitled to it. If the property remains unreleased pendente lite, it may appreciate or depreciate in value, but it earns no interest. It is there, upon the recovery of judgment, to be applied to the satisfaction of the judgment. If, however, it has been released on an undertaking, the undertaking to pay its appraised value is there, to be similarly utilized. There is not the least difficulty, under this construction, in guarantying to the plaintiff the full amount of his claim, with interest and costs, when he has attached property enough to cover the totality. The defendant in that case cannot discharge the attachment upon giving an undertaking to pay the plaintiff's judgment, not exceeding a specified sum, equal to the amount of the plaintiff's demand. The language of the section is that the specified sum must be at least equal thereto. The court has ample power, in a proper case, to require an undertaking which shall specify a larger sum. If the sum specified must at least equal that claimed, the court may certainly, in a proper case, require that it be greater. No attachment, under these sections, can be discharged ex parte. The plaintiff is given ample opportunity to object to the undertaking (sections 689 to 696), and he can see to it, where the property attached is amply sufficient to cover his entire claim, with interest and costs, that the undertaking covers its full value, or at least his full claim. This has been the common practice of the court at special term, and we find but one instance in which the power seems to have been questioned. There, however, a formal opinion asserting the power was filed. Morewood v. Curtis, 13 Civ. Proc. R. 218. The suggestion has been made that this view of section 688 deprived the words "with interest" of any force or significance. The suggestion overlooks the previous words, "on demand." The undertaking is to pay on demand the amount of the judgment, not exceeding the sum specified, with interest. The sum specified thus becomes due upon the recovery of the judgment, but a demand is made a prerequisite to the right of action therefor. The intention here is plain. The right of action accrues only upon the demand, but the recovery runs from the entry of the judgment. The "sum specified" is due upon the recovery of the judgment, and, upon demand, it becomes payable, with interest from that date.

Our judgment should therefore be for the plaintiff, that it recover judgment against the defendant for the sum of $5,000, with interest

thereon from November 21, 1894, to date of payment, less the amount of the defendant's costs. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J. (dissenting). On or about the 28th of February, 1889, the plaintiff in this action, a foreign corporation created under the laws of the state of New Jersey, and having an office and place of business in the city of New York, sued out an attachment against the property of one Clarence H. Venner, in an action commenced by the plaintiff against said Venner to recover $5,000, with interest. This attachment was delivered to the sheriff of the city and county of New York, and he levied upon certain property of said Venner. Afterwards, and on the 2d day of March, 1889, Venner appeared in the action, and procured the execution of an undertaking by the defendant, the American Surety Company, whereby the company, pursuant to the statute in such case made and provided, undertook that the defendant, Venner, would, on demand, pay to the plaintiff the amount of any judgment which might be recovered in said action against him, not exceeding $5,000, with interest. This undertaking was accepted upon the part of the plaintiffs, and the attachment was thereupon discharged by order of the court. Afterwards, and on or about the 21st of November, 1894, the plaintiff recovered a judgment against Venner in the action in which the attachment was issued, for the sum of $8,041.83, damages and costs. The judgment was duly docketed in the office of the clerk of the city and county of New York on the 21st of November, 1894. Thereupon a dispute arose between the plaintiff and the defendant, the surety company, as to whether the company was liable upon its undertaking for $5,000, with interest from March 2, 1889, the date of the execution of the undertaking, or from the 21st of November, 1894, the date of the recovery of the judgment. We think that, in view of the nature of the action and the claim under the attachment which the undertaking was executed to release, it was the intention of the surety company to be bound for the $5,000, with interest from the time of the execution of the undertaking. It is to be observed that the attachment was issued for the sum of $5,000, with interest, that it was levied upon the property of the defendant, and that it was to discharge this levy that the undertaking was executed. It was intended to secure the claim which was represented by this attachment, namely, $5,000 and interest; and hence the peculiar language of the undertaking, that the surety company undertakes that the defendant, Venner, will, on demand, pay to the plaintiff the amount of any judgment which may be recovered in the action against the defendant, not exceeding $5,000, with interest. This $5,000, with interest, is undoubtedly the amount referred to in the attachment. The words "with interest" have no connection with the word "judgment." The surety company's duty to pay sprang into existence the moment the judgment was entered, and before any interest upon the judgment had accrued. The penalty in the undertaking was the amount claimed in the attachment, namely,

318    51 NEW YORK SUPPLEMENT   (Sup. Ct.

and 85 New York State Reporter.

$5,000 and interest. While it is undoubtedly true that even if, under the Code, the bond should be for the amount of the plaintiff's demand, with interest thereon from its date, the parties to the contract had the power to limit themselves to a smaller amount, yet, where the undertaking is manifestly given to comply with the requirements of the Code, such a limitation will not be imported into the contract unless its language requires it. It may be true that the plaintiff might have claimed an undertaking in which the interest upon the $5,000 should run from a period anterior to the giving of the undertaking. But because it did not exact all that it was entitled to is no reason for depriving it of what it has got. We think, upon consideration of the facts of the case and the language of the undertaking, that the interest is upon the $5,000, and that the plaintiff is entitled to recover the $5,000, with interest from the date of the execution of the undertaking. Judgment should be ordered for the plaintiff, with costs.