Edward S. Bowlend, Jr., Plaintiff, *v.* United States Fidelity and Guaranty Company, Defendant.

First Department, December 31, 1926.

**Attachment — bond for discharge — action on bond — bond, under Civil Practice Act, § 953, stipulated to pay amount of judgment " not exceeding the sum of One Thousand ($1,000) Dollars, with interest and costs "— interest stipulated in bond is interest on judgment — surety not liable for interest on amount due from date of accrual of claim.**

The surety on a bond given under section 953 of the Civil Practice Act to discharge an attachment, which stipulates that the surety shall be liable in case a judgment is procured, to an amount " not exceeding the sum of One Thousand ($1,000) Dollars, with interest and costs," is not liable for interest on the stipulated amount from the date the liability accrued against the defendant in the action in which the attachment was granted, but is liable merely for the amount of the judgment up to the stipulated amount of the bond and also the costs of the action, plus interest on the amount of the judgment from the date thereof.

Clarke, P. J., dissents.

Submission of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*Keith Lorenz* of counsel [*Lorenz & Lorenz*, attorneys], for the plaintiff.

*Robert Gray* of counsel [*William J. McArthur*, attorney], for the defendant.

Merrell, J. The stipulated facts upon which this controversy depends are as follows: The defendant is and was at all times hereinafter mentioned a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Maryland, and is duly qualified to transact business in the State of New York. On or about the 24th day of December, 1923, the plaintiff herein instituted an action in the Supreme Court, New York county, against Frederick A. DePilis and an attachment was issued therein against the property of the said Frederick A. DePilis by the Supreme Court in and for the county of New York. Said attachment was delivered to the sheriff of the county of New York, who levied upon the property of the said Frederick A. DePilis. The said Frederick A. DePilis for the purpose of discharging said attachment filed an undertaking pursuant to the provisions of section 953 of the Civil Practice Act, which undertaking was executed by the defendant herein and dated the 26th day of December, 1923. By the said undertaking the defendant undertook as follows: " Now, therefore, the United States Fidelity and Guaranty Company,

having an office and usual place of business at 47 Cedar Street, in the City of New York, does hereby, pursuant to the Statute in such case made and provided, undertake that the defendant, Frederick A. DePilis, will, on demand, pay to the plaintiff the amount of any judgment which may be recovered in the action against the defendant Frederick A. DePilis not exceeding the sum of One Thousand ($1,000) Dollars, with interest and costs." The said undertaking was duly approved by one of the justices of this court on the 28th day of December, 1923, and was filed in the office of the clerk of the county of New York on the same day. Thereupon the said attachment was discharged by order of the court.

Thereafter such proceedings were had in said action against the said Frederick A. DePilis that on the 16th day of March, 1926, judgment was entered in favor of the plaintiff in said action and against the said DePilis in the sum of $1,000, the amount of the plaintiff's claim in said action, with interest thereon from October 21, 1922, the date of the accrual of plaintiff's claim against said defendant, the said interest amounting to $198. The plaintiff also recovered the costs of the action amounting to the sum of $186.71.

On April 27, 1926, the defendant paid to the plaintiff the sum of $1,000, with interest thereon from March 16, 1926, the date of the rendition of said judgment, and also paid to the plaintiff the sum of $186.71, the costs included in said judgment recovered against DePilis, with interest on said costs from March 16, 1926.

The controversy herein is over the item of $198, interest upon the plaintiff's claim in said action from October 21, 1922, when said claim accrued. The plaintiff claims that, in addition to the amount paid as aforesaid by the defendant, the defendant should be required to pay, under the terms of its said undertaking, interest on the amount of the plaintiff's claim of $1,000 from the 21st day of October, 1922, the date when plaintiff's claim accrued. The defendant, on the other hand, claims that, under the terms of its undertaking, its liability is limited to the amount of its undertaking and the costs of the action, with interest from March 16, 1926, the date when judgment was actually recovered against its principal, DePilis. The question, therefore, presented is whether the defendant herein is liable to the plaintiff, under the terms of said undertaking, for the sum of $1,000, with interest thereon from October 21, 1922, the date said claim accrued, together with the costs of the action, or whether the liability of the defendant on said undertaking is limited to the sum of $1,000, with interest thereon from March 16, 1926, the date of the entry of judgment against said DePilis, together with the costs of the action. This court is asked to decide as between said claims of the parties and upon the stipu-

42

lated facts to render judgment against the defendant and in favor of the plaintiff for the sum of $198, with interest from March 16, 1926, without costs, or in favor of the defendant and against the plaintiff, without costs.

It seems to us that the defendant has discharged its full obligation under the plain and unambiguous terms of the undertaking which it gave. Section 953 of the Civil Practice Act provides that upon an application for the discharge of an attachment the defendant must give an undertaking to the effect that on demand the defendant will pay to the plaintiff the amount of any judgment which may be recovered in the action against the defendant, not exceeding a sum specified in the undertaking, with interest. In the undertaking given by the defendant herein the defendant undertook that the defendant in the action in which the attachment had been issued would on demand pay to the plaintiff in said action *the amount of any judgment* which might be recovered in the action against the defendant, Frederick A. DePilis, not exceeding the sum of $1,000, with interest and costs. The plaintiff contends that by such undertaking the defendant should be held obligated to pay to the plaintiff the principal of his claim, to wit, the sum of $1,000, with interest on said claim from the accrual thereof on October 21, 1922. Such, clearly, was not the obligation of the defendant under its undertaking. The defendant did not undertake that its principal would pay to the plaintiff the amount of the latter's claim, but, on the contrary, undertook that the defendant would pay to the plaintiff the amount of any judgment which might be recovered in the action against the defendant, not exceeding the said sum of $1,000, with interest and costs. Interest upon what? Clearly upon the judgment. It would have been a simple matter for the defendant to have undertaken that the defendant would pay to the plaintiff the amount of his claim, with interest, but such was not the provision of the undertaking. No reference whatever is made in the written undertaking executed by the defendant to any claim of the plaintiff. Reference is only made to a judgment which the plaintiff in the action may recover against the defendant. It seems to us that the agreement is plain and unambiguous and that thereby the defendant does not undertake that its principal, DePilis, will pay the plaintiff's claim, with interest and costs, but only undertakes that DePilis will pay any judgment which the plaintiff may recover in the action not exceeding $1,000, with interest and the costs of the action. The words "with interest" manifestly refer to interest upon any judgment which may be recovered in the action. In the case of *Sooysmith & Co.* v. *American Surety Company* (28 App. Div. 346) this court construed

a similar undertaking in accordance with the contention of the defendant herein. In that action this court construed the words " with interest " in an undertaking, given to discharge an attachment, conditioned to pay any judgment not exceeding $5,000, with interest, as clearly meaning interest on the amount specified in the undertaking and not interest upon plaintiff's claim, and that interest should be reckoned from the date of the entry of judgment, and no longer. Mr. Justice BARRETT, writing for this court in the *Sooysmith* case, after discussing the provisional remedy of attachment and the legislative purpose in providing for the discharge of an attachment, said (at p. 349): " The defendant is certainly not required directly to secure the plaintiff's *claim*, with interest and costs, * * *. He is simply required, if he wants an immediate restoration of his attached property, to substitute an undertaking *therefor;* that is, to guarantee to the plaintiff the application to any *judgment* he may subsequently recover of the actual value of the property thus restored. The attachment is not thus vacated. It is simply discharged *as to the property attached.*" (Italics are the writer's.)

In discussing what was meant by the use of the words " with interest," Mr. Justice BARRETT said in the same case: " What then is meant by the words ' with interest,'    *    *    *    With interest on what?    *    *    *    Logically, it must be either upon the plaintiff's claim, as it runs, or upon the judgment.    *    *    *    In other words, the security is either for the interest upon the judgment or for the running interest upon the plaintiff's claim.    *    *    *    It is conceivable that a plaintiff should have full security for his claim and interest. It is also conceivable that he should have security for his judgment and interest. Any instrument clearly providing for either one of these things would, whether within the statute or not, be at least consistent and sensible."

It seems to us, in the undertaking involved in this controversy, the defendant undertook, not that the plaintiff in the attachment should have full security for his claim and interest, but very plainly undertook that the plaintiff should have security for any judgment he might recover not exceeding the sum specified, with interest and costs.

Judgment is, therefore, directed herein in favor of the defendant and against the plaintiff, without costs.

DOWLING, McAVOY and BURR, JJ., concur; CLARKE, P. J., dissents.

Judgment directed in favor of the defendant and against the plaintiff, without costs.